[No. 4456. Decided March 28, 1903.]

IDA MARKS, *Appellant,* v. C. F. PENCE, *Respondent.*

MECHANIC'S LIEN — FORECLOSURE — PERSONAL JUDGMENT — ENFORCEMENT CONFINED TO DEFICIENCY.

Under Laws 1893, p. 37, § 12, one who has obtained a judgment of foreclosure of a mechanic's lien, together with a per-

sonal judgment in the same proceeding against the party liable, cannot in the first instance issue a general execution on the personal judgment, but must first, under a special execution, sell the property upon which it is adjudged he has a lien, credit the proceeds thereof on his judgment, and issue a general execution for the balance, before other property than that liened upon can be seized and sold.

Appeal from Superior Court, Spokane County.—Hon. GEORGE W. BELT, Judge. Reversed.

*Robertson. Miller & Rosenhaupt,* for appellant.

*P. C. Shine,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—On July 6, 1902, G. E. Marks, being then the owner of a certain tract of land situate in the city of Spokane, conveyed the same by a warranty deed, for a valuable consideration, to Ollie J. Pence; agreeing to complete a house then being constructed thereon according to plans and specifications agreed upon between the parties. The house was completed by Marks according to the agreement, but he neglected and refused to pay for certain materials used in its construction, furnished by the Washington Mill Company. The mill company filed a lien on the property for the value of the materials furnished, which they afterwards foreclosed; obtaining a judgment and decree "that plaintiff have and recover a personal judgment against the defendant, G. E. Marks, for the sum of five hundred forty-three (543) dollars, seventy-five (75) dollars attorney's fees, and eleven and 30-100 (11.30) dollars costs and disbursements herein; that plaintiff has a first, valid, and subsisting lien upon the following described real estate, situate in Spokane county, state of Washington, to wit [describing it], for said several sums; that said lien be, and is hereby, foreclosed, that

said defendants, and each of them, be, and are hereby, barred and forever estopped from having or claiming to have any right, title, interest, or lien in or to said described real estate, or any part thereof, adverse to plaintiff's said lien; that said described premises, or so much of them as shall be necessary to satisfy said several sums, shall be sold, as by law and the rules of this court provided, by the sheriff of said county; that the purchaser or purchasers at said sale be at once placed in possession of said premises by said sheriff; that execution issue for any deficiency which may remain against the property of said G. E. Marks." The mill company shortly after its entry assigned the judgment and decree to the respondent, Chas. F. Pence, who caused execution to be issued thereon as on a personal judgment, and caused the writ to be levied on a lot in the city of Spokane theretofore owned by G. E. Marks, but which he had conveyed, subsequent to the judgment, to the appellant, Ida Marks. The property last mentioned was sold by the sheriff under the writ of execution to Chas. F. Pence, and a sheriff's certificate of sale issued therefor. The appellant brought this action to cancel the certificate of sale, and to remove the judgment as a cloud upon her title. The court below denied the relief prayed for, entering a judgment of dismissal and for costs against her.

The appellant contends that the judgment creditor, who has obtained a judgment of foreclosure of a mechanic's lien, and a personal judgment against the party personally liable, in the same proceeding, cannot in the first instance issue a general execution on his personal judgment, and seize and sell thereunder the judgment debtor's property, but that he must first sell the property upon which it is adjudged he has a lien under a special execution, credit the proceeds thereof on his judgment, and issue a general

execution for the balance, before other property than that liened upon can be seized and sold. The statute, we think, sustains the contention. The act creating and providing. for the enforcement of liens for labor and material (Laws 1893, p. 32, *et seq.*) reads as follows:

"Sec. 12. In every case in which different liens are claimed against the same property, the court, in the judgment, must declare the rank of such lien or class of liens, which shall be in the following order: 1. All persons performing labor. 2. All persons furnishing material. 3. The subcontractors. 4. The original contractors. And the proceeds of the sale of the property must be applied to each lien or class of liens in the order of its rank; and personal judgment may be rendered in an action brought to foreclose a lien, against any party personally liable for any debt for which the lien is claimed, and if the lien be established, the judgment shall provide for the enforcement thereof upon the property liable as in case of foreclosure of mortgages; and the amount realized by such enforcement of the lien shall be credited upon the proper personal judgment, and the deficiency, if any remaining unsatisfied, shall stand as a personal judgment, and may be collected by execution against the party liable therefor. The court may allow, as part of the costs of the action, the moneys paid for filing or recording the claim, and a reasonable attorney's fee in the superior and supreme courts."

This section unquestionably authorizes a personal judgment against the party personally liable for the debt for which the lien is claimed whether the lien be established or not, and if the lien be not established execution could issue thereon and be levied upon any property of the judgment debtor not exempt by law from execution. A different procedure, however, seems to be intended if the lien be established. It will be noticed that the statute provides that if the lien be established the judgment shall provide for its enforcement as in case of foreclosure of mortgages, and the

deficiency remaining unsatisfied shall stand as a personal judgment, and may be collected by an execution against the party personally liable, but that a personal execution will not run in such a case in the first instance. There may have been little reason for making this distinction. But this is not a question for the courts. The right of a laborer or a material man to claim a lien upon the property of another on which he labors or for which he furnishes materials is statutory. Without a statute granting it, no such right exists. As it is purely a statutory right, the lawmaking power may put such restrictions upon the enforcement of it as it chooses, however far such restrictions may depart from the established rules of law and practice, so long as they violate no constitutional rights. In all such cases the decree must follow the statute, and the procedure to enforce it must follow the decree.

The judgment appealed from is reversed, and the cause remanded, with instructions to enter a judgment in favor of the appellant setting aside the sale of the property, and freeing it from the cloud created thereby.

MOUNT, DUNBAR and ANDERS, JJ., concur.